UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOSPITALITY STRUCTURED FUNDING IV, LLC, | ) ) | Case No. 1:26-cv-03172 |
|     Plaintiff/Counter-Defendant, | ) | |
| | ) | Hon. Elaine E. Bucklo |
| v. | ) | |
| | ) | |
| L LC (improperly named as "L LC LLC"), | ) | |
|     Defendant/Counter-Plaintiff. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant/Counter-Plaintiff L LC, improperly named in the Complaint as "L LC LLC" and "L LC, LLC" ("L LC"), waives any misnomer defense and answers the Complaint of Plaintiff/Counter-Defendant Hospitality Structured Funding IV, LLC ("Hospitality"), states its affirmative defenses, and asserts its counterclaims, as follows:

**ANSWER**

1.    Plaintiff is a limited liability company organized under the laws of the state of Delaware, with its principal place of business located at 9711 Sweetspire Ave., Saint John, Indiana. Michael Thompson is its sole member, and he is a citizen of Indiana who resides at 8252 W. 105th, Saint John, Indiana. Broderick Thompson may also have claims regarding membership interest in Plaintiff. He is a citizen of Indiana who resides in Portage, Indiana.

**ANSWER: L LC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 concerning Hospitality's organization, principal place of business, and membership.**

1

2.    Defendant is a limited liability company organized under the laws of the state of New Mexico, with its principal place of business, on information and belief, at 111 W. Washington, #917, Chicago, IL. On information and belief based on documents filed in New Mexico and in Illinois for Defendant, its member is Joseph Varan, who is a citizen of Illinois residing in Hinsdale, Illinois.

**ANSWER: L LC admits that it is a limited liability company organized under the laws of the State of New Mexico, that Joseph Varan is its sole member and a citizen of the State of Illinois, and that L LC maintains a business address in Chicago, Illinois, and denies that Mr. Varan resides in Hinsdale, Illinois.**

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(l) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**ANSWER: Admitted.**

4.    Venue is proper in the Court pursuant to 28 U.S.C. §1391(b), because the events giving rise to the claims in this complaint arose in Chicago, Illinois which is located within this district.

**ANSWER: Admitted.**

5.    On October 24, 2013, Chicago South Loop Hotel Owner, LLC ("Borrower") executed a promissory note (the "Note") in the principal amount of $6,800,000, and Borrower secured the Note by executing a mortgage for the benefit of Morgan Stanley Mortgage Capital Holdings, LLC (the "Mortgage"), which is recorded with the Cook County Recorder of Deeds as Document No. 1329817049. The Note was also secured by guaranties executed by Louis Dodd ("Dodd") and by Vickie White ("White").

2

**ANSWER: Admitted.**

6. In June 2023, the Note, Mortgage and the Guaranties of Dodd and White were sold and assigned to Plaintiff.

**ANSWER: Admitted.**

7. Plaintiff remains the owner of the Note, Mortgage and the Guaranties.

**ANSWER: L LC denies the allegations in paragraph 7. L LC states that Hospitality sold and assigned the Note, Mortgage, and Guaranties to L LC in 2025, and that L LC, not Hospitality, is the present owner and holder of the Note, Mortgage, and Guaranties.**

8. Defendant has asserted on multiple occasions that Plaintiff transferred the Note, Mortgage and the Guaranties to Defendant in May 2025.

**ANSWER: Admitted.**

9. Plaintiff denies and refutes that any such transfer occurred.

**ANSWER: Admitted.**

10. An actual controversy now exists between Plaintiff and Defendant regarding whether Plaintiff or Defendant owns the Note, Mortgage and the Guaranties.

**ANSWER: Admitted.**

11. This Court would dispose of a controversy between the parties, and avoid future disputes between the parties by making a final determination regarding whether Plaintiff or Defendant owns the Note, Mortgage and the Guaranties.

**ANSWER: Admitted.**

## AFFIRMATIVE DEFENSES

**First Affirmative Defense (Sale and Assignment)**

Hospitality's claim fails because Hospitality sold and assigned the Note, Mortgage, and Guaranties to L LC. By the Note Sale and Assignment Agreement dated May 14, 2025, the Assignment of Loan Documents, the Allonge endorsing the Note to the order of L LC, and the Assignment of Mortgage, Security Agreement and Fixture Financing Statement that L LC recorded with the Cook County Clerk on May 15, 2025 as Document No. 2513509020, Hospitality transferred all of its right, title, and interest in the Note, Mortgage, and Guaranties to L LC. Hospitality is not the owner and cannot obtain the declaration it seeks.

**Second Affirmative Defense (Payment)**

L LC paid the Purchase Price the parties agreed upon by executing and delivering the Purchase-Money Note to Hospitality at the closing, as the Purchase Agreement required, and Hospitality accepted it and completed the closing. Hospitality's claim to ownership is barred, in whole or in part, by payment of the Purchase Price at closing.

**Third Affirmative Defense (Estoppel)**

Hospitality executed and delivered the Allonge and the Assignment of Mortgage to L LC and accepted L LC's payments. L LC reasonably relied on Hospitality's conduct to its detriment, including by recording the Assignment of Mortgage. Hospitality is estopped from denying that it transferred the Note, Mortgage, and Guaranties to L LC.

**Fourth Affirmative Defense (Waiver)**

By selling and assigning the Note, Mortgage, and Guaranties to L LC and accepting L LC's payments, Hospitality waived any claim that it remains the owner of the Note, Mortgage, and Guaranties.

4

**Fifth Affirmative Defense (Ratification)**

Hospitality, acting through its manager Todd Hansen, agreed to and completed the sale of the Note, Mortgage, and Guaranties to L LC. In the Note Sale and Assignment Agreement, Hospitality represented that it had full power and authority to enter and consummate the sale, and Hospitality accepted the benefits of the sale, including L LC's payments. To the extent Hospitality contends that Hansen lacked authority to sell, Hospitality ratified his acts by accepting and retaining the benefits of the transaction.

**Sixth Affirmative Defense (Release and Contractual Waiver)**

In Section 10(b) of the Note Sale and Assignment Agreement, Hospitality, as Seller, released L LC and waived all defenses it had against L LC arising under or relating to the Loan and the Loan Documents. Hospitality's claim is barred, in whole or in part, by that release and contractual waiver.

**Seventh Affirmative Defense (Unclean Hands)**

Hospitality seeks equitable and declaratory relief. After selling the Note, Mortgage, and Guaranties to L LC and accepting L LC's payments, Hospitality filed a foreclosure action on the same Note and Mortgage and collected payments on the loan it had already sold to L LC. The doctrine of unclean hands bars Hospitality's claim.

**Eighth Affirmative Defense (Setoff and Recoupment)**

To the extent Hospitality is entitled to any relief, which L LC denies, L LC is entitled to a setoff and recoupment for all amounts Hospitality wrongfully collected on the Note.

5

## COUNTERCLAIMS

Counter-Plaintiff L LC, for its Counterclaims against Counter-Defendant Hospitality Structured Funding IV, LLC ("Hospitality"), states as follows:

### THE PARTIES

1. Counter-Plaintiff L LC is a limited liability company organized under the laws of the State of New Mexico, with its principal place of business in Chicago, Illinois. Its sole member, Joseph Varan, is a citizen of the State of Illinois.

2. On information and belief, Counter-Defendant Hospitality Structured Funding IV, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Saint John, Indiana. On information and belief, and as the Complaint itself alleges, its member or members are Michael Thompson and, possibly, Broderick Thompson, each of whom is a citizen of the State of Indiana.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) because the Counterclaims form part of the same case or controversy as Hospitality's claim. Count I is further authorized by 28 U.S.C. §§ 2201 and 2202.

4. These Counterclaims arise out of the transaction or occurrence that is the subject matter of Hospitality's claim and are compulsory under Federal Rule of Civil Procedure 13(a). To the extent any Counterclaim is not compulsory, it is permissive under Rule 13(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b).

6

## FACTUAL BACKGROUND

6.    On October 24, 2013, Chicago South Loop Hotel Owner, LLC (the "Borrower") executed a promissory note in the original principal amount of $6,800,000 (the "Note").

7.    The Borrower secured the Note with a Mortgage, Security Agreement and Fixture Financing Statement recorded with the Cook County Recorder of Deeds on October 25, 2013 as Document No. 1329817049, granting a first lien on the real property commonly known as 11 West 26th Street, Chicago, Illinois (the "Mortgage") (Exhibit 1). The Note was also secured by guaranties executed by Louis Dodd and Vickie White (the "Guaranties") (Exhibit 2).

8.    On or about June 9, 2023, Hospitality acquired the Note, Mortgage, Guaranties, and the other loan documents (the "Loan Documents") from U.S. Bank National Association, as Trustee for the Morgan Stanley Bank of America Merrill Lynch Trust 2013-C13.

9.    On May 14, 2025, Hospitality, as Seller, and L LC, as Purchaser, entered into a written Note Sale and Assignment Agreement (the "Purchase Agreement"). Hospitality acted through its manager, Todd Hansen. (Exhibit 3)

10.    Under the Purchase Agreement, Hospitality agreed to sell, transfer, assign, and convey to L LC all of Hospitality's right, title, and interest in the Note, Mortgage, Guaranties, and the other Loan Documents, for a Purchase Price of $5,360,000, payable under a purchase-money note executed by L LC to Hospitality at closing (the "Purchase-Money Note").

11.    The Purchase Agreement closed on May 14, 2025. At or after the closing, Hospitality executed and delivered to L LC, among other things, an Assignment of Loan Documents, an Allonge endorsing the Note to the order of L LC, and an Assignment of Mortgage, Security Agreement and Fixture Financing Statement (the "Assignment of Mortgage").

12. Hospitality executed and delivered the Allonge, endorsing the Note "Pay to the order of L LC, without recourse," over the signature of Todd Hansen, Manager. L LC thereby became the holder of the Note.

13. L LC recorded the Assignment of Mortgage with the Cook County Clerk on May 15, 2025 as Document No. 2513509020. (Exhibit 4)

14. Under the Purchase Agreement, the Purchase Price was payable by a Note that L LC executed and delivered to Hospitality at the closing. L LC performed its obligation to pay the Purchase Price by executing and delivering the Purchase-Money Note to Hospitality at the closing, and Hospitality accepted the Purchase-Money Note and delivered to L LC, the Allonge, the Assignment of Loan Documents, and the Assignment of Mortgage. The Note was held by Hospitality as security for the Purchase Agreement Note. The sale closed, and Hospitality's transfer of the Note, Mortgage, and Guaranties to L LC was absolute and without recourse. Any obligation of L LC to make further payments arises under the Purchase-Money Note, and the Purchase Agreement reserved to Hospitality no right to reclaim or re-vest the Note, Mortgage, or Guaranties upon any later default under the Purchase-Money Note.

15. By virtue of the Purchase Agreement, the Assignment of Loan Documents, the Allonge, and the Assignment of Mortgage, L LC became the owner and holder of the Note, Mortgage, and Guaranties, with the exclusive right to enforce them and to receive all payments due on the loan.

16. In Section 10(a) of the Purchase Agreement, Hospitality agreed to indemnify, defend, and hold L LC harmless from claims, damages, losses, liabilities, costs, and expenses, including reasonable attorneys' fees, arising from any act or omission by Hospitality

8

concerning the Loan Documents after the closing date. In Section 10(b), Hospitality released L LC and waived its defenses as to claims arising in connection with the Loan Documents.

17. After the closing, Hospitality filed a counterclaim to foreclose the Mortgage based on the same Note and Mortgage, in the Circuit Court of Cook County, Illinois, Chancery Division, *Hospitality Structured Funding IV LLC v. Chicago South Loop Hotel Owner LLC, et al*, Case No. 2025CH02225, on May 29, 2025 (the "Foreclosure Action"), representing that Hospitality, and not L LC, owned the Note and Mortgage. L LC, the owner and holder of the Note and Mortgage, was not named as a party to the Foreclosure Action.

18. Chicago South Loop Hotel Owner, LLC, the Borrower, is a debtor in a bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 25-12829 (the "Bankruptcy Case"). An appeal from that Bankruptcy Case is currently pending in the United States District Court for the Northern District of Illinois, Case No. 1:26-cv-02786 (the "Bankruptcy Appeal").

19. After the closing, Hospitality collected and retained the adequate-protection payments the Borrower made in the Bankruptcy Case on account of the Note and Mortgage. Those payments belonged to L LC as the owner and holder of the Note and Mortgage.

20. Hospitality now denies that it sold or assigned the Note, Mortgage, and Guaranties to L LC, and claims that it remains the owner.

21. An actual and justiciable controversy exists between L LC and Hospitality regarding ownership of the Note, Mortgage, and Guaranties.

9

## COUNT I: DECLARATORY JUDGMENT (28 U.S.C. §§ 2201 AND 2202)

22. L LC re-alleges and incorporates paragraphs 1 through 21 as though fully set forth herein.

23. An actual controversy of sufficient immediacy and reality exists between L LC and Hospitality regarding who owns the Note, Mortgage, and Guaranties.

24. L LC owns the Note, Mortgage, and Guaranties by virtue of the Purchase Agreement, the Allonge, the Assignment of Mortgage, and L LC's payment of the agreed consideration.

25. Hospitality contends that it remains the owner of the Note, Mortgage, and Guaranties.

26. A judicial declaration is necessary and appropriate to resolve the controversy and to determine the parties' respective rights, and would terminate the uncertainty giving rise to this proceeding.

WHEREFORE, L LC respectfully requests that the Court enter judgment declaring that L LC is the sole owner and holder of the Note, Mortgage, and Guaranties; that Hospitality has no right, title, or interest in the Note, Mortgage, or Guaranties; that Hospitality's claim of ownership constitutes a cloud on L LC's interest and is removed; and awarding L LC further relief under 28 U.S.C. § 2202, together with its attorney fees and litigation expenses including but not limited to its taxable costs.

## COUNT II: BREACH OF CONTRACT

27. L LC re-alleges and incorporates paragraphs 1 through 21 as though fully set forth herein.

28. The Purchase Agreement, including Hospitality's sale and assignment of the Note, Mortgage, and Guaranties to L LC, is a valid and enforceable contract.

29. L LC performed its obligations under the Purchase Agreement, including by executing and delivering the Purchase-Money Note to Hospitality at the closing as the agreed method of paying the Purchase Price, and Hospitality accepted it and completed the

10

closing. Any later default by L LC under the Purchase-Money Note does not excuse Hospitality's performance or unwind the completed sale.

30. Hospitality breached the Purchase Agreement by, among other things, denying the sale, claiming continued ownership of the Note, Mortgage, and Guaranties, filing the Foreclosure Action on the Note and Mortgage it had sold to L LC, and collecting and retaining payments on the loan that belonged to L LC.

31. As a direct and proximate result of Hospitality's breach, L LC has suffered damages in an amount to be proven at trial, in excess of $75,000.

WHEREFORE, L LC respectfully requests that the Court enter judgment in its favor and against Hospitality for compensatory damages in excess of $75,000, together with prejudgment and post-judgment interest, costs, and attorneys' fees as allowed by the Purchase Agreement or by law.

### COUNT III: CONTRACTUAL INDEMNIFICATION

32. L LC re-alleges and incorporates paragraphs 1 through 21 as though fully set forth herein.

33. In Section 10(a) of the Purchase Agreement, Hospitality, as Seller, agreed to indemnify, defend, and hold L LC harmless from and against any and all claims, damages, losses, liabilities, costs, or expenses, including reasonable attorneys' fees, incurred by L LC and arising from or relating to any legal action, proceeding, arbitration, or other third-party claim, whether commenced or threatened, based upon any act or omission by Hospitality concerning the Loan Documents or any obligations arising thereunder after the closing date.

34. Hospitality's filing of the Foreclosure Action, its collection of payments on the loan, and its assertion of ownership and the claims in this action are acts or omissions by Hospitality concerning the Loan Documents after the closing date.

35. L LC has incurred, and continues to incur, costs and expenses, including reasonable attorneys' fees, because of those acts and omissions.

36. Hospitality has failed and refused to indemnify, defend, and hold L LC harmless as the Purchase Agreement requires.

WHEREFORE, L LC respectfully requests that the Court enter judgment in its favor and against Hospitality for indemnification of all costs, expenses, and reasonable attorneys' fees L LC has incurred and will incur under Section 10(a) and the prevailing-party enforcement provision of the Purchase Agreement, together with prejudgment and post-judgment interest, and grant such further relief as is just.

## COUNT IV: CONVERSION

37. L LC re-alleges and incorporates paragraphs 1 through 21 as though fully set forth herein.

38. L LC has an absolute and unconditional right to the adequate-protection payments made on account of the Note and Mortgage in the Borrower's bankruptcy case after Hospitality sold the loan to L LC, and a right to immediate possession of those funds, which are specific and identifiable.

39. Hospitality wrongfully and without authorization assumed control, dominion, and ownership over those funds by collecting and retaining them.

40. Any demand by L LC that Hospitality turn over the funds would have been futile since Hospitality claims that it did not transfer the loan to L LC.

41.     As a direct and proximate result of Hospitality's conversion, L LC has been damaged in the amount of the converted funds, to be proven at trial.

WHEREFORE, L LC respectfully requests that the Court enter judgment in its favor and against Hospitality for compensatory damages in the amount of the converted funds, punitive damages for Hospitality's willful and wanton conduct, prejudgment and post-judgment interest, and costs.

### COUNT V: UNJUST ENRICHMENT (PLEADED IN THE ALTERNATIVE)

42.     L LC re-alleges and incorporates paragraphs 1 through 21 as though fully set forth herein.

43.     L LC conferred a benefit on Hospitality by delivering the Purchase-Money Note as the agreed consideration for the Note, Mortgage, and Guaranties. Hospitality also received the benefit of the adequate-protection payments made on the loan in the Borrower's bankruptcy case after it had sold and assigned the loan to L LC. Additionally, L LC made payments on the Purchase-Money Note to Hospitality.

44.     Hospitality unjustly retained those benefits to L LC's detriment.

45.     Equity and good conscience require Hospitality to return the benefits it unjustly retained.

WHEREFORE, L LC respectfully requests that the Court enter judgment in its favor and against Hospitality for restitution and disgorgement in an amount to be proven at trial, together with prejudgment and post-judgment interest and costs.

### COUNT VI: ACCOUNTING

46.     L LC re-alleges and incorporates paragraphs 1 through 21 as though fully set forth herein.

47.     After selling the Note, Mortgage, and Guaranties to L LC, Hospitality collected the adequate-protection payments made on account of the Note and Mortgage in the

13

Borrower's bankruptcy case, the full amount of which is within Hospitality's knowledge and control and is not fully known to L LC.

48. L LC has no adequate remedy at law to determine the full amount Hospitality has collected and retained on the loan since the sale.

WHEREFORE, L LC respectfully requests that the Court order Hospitality to render a full and complete accounting of all amounts it has collected or received on the Note and Mortgage since the sale to L LC, order Hospitality to disgorge those amounts to L LC, and award L LC its costs.

## COUNT VII: TORTIOUS INTERFERENCE WITH CONTRACT

49. L LC re-alleges and incorporates paragraphs 1 through 21 as though fully set forth herein.

50. After Hospitality sold and assigned the Note and Mortgage to L LC, a valid and enforceable contractual relationship existed between L LC and the Borrower under the Note and Mortgage, under which the Borrower owed payment to L LC.

51. Hospitality knew of that contractual relationship. Indeed, Hospitality created it by selling and assigning the Note and Mortgage to L LC.

52. Hospitality intentionally and without justification interfered with that relationship, and with L LC's right to receive payments on the loan, by filing the Foreclosure Action in its own name, by representing in that action and in the Borrower's bankruptcy case that Hospitality owned the Note and Mortgage, and by collecting the adequate-protection payments the Borrower made in the bankruptcy case, which payments belonged to L LC.

53. Hospitality intentionally and unjustifiably interfered with L LC's reasonable expectation of receiving the loan payments, including the adequate-protection payments, and that interference caused L LC to lose those payments.

14

WHEREFORE, L LC respectfully requests that the Court enter judgment in its favor and against Hospitality for compensatory damages, punitive damages for Hospitality's intentional and malicious conduct, prejudgment and post-judgment interest, and costs.

### PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff L LC respectfully requests that the Court:

A. Deny Hospitality the relief it seeks in its Complaint and enter judgment in favor of L LC and against Hospitality on the Complaint;

B. Declare that L LC is the sole owner and holder of the Note, Mortgage, and Guaranties, and that Hospitality has no right, title, or interest in them;

C. Award L LC compensatory damages in excess of $75,000;

D. Order Hospitality to indemnify L LC and to pay L LC's costs, expenses, and reasonable attorneys' fees under Section 10(a) and the prevailing-party enforcement provision of the Purchase Agreement;

E. Order Hospitality to provide a full accounting of, and to disgorge, all amounts it collected on the Note and Mortgage after the sale to L LC;

F. Award L LC restitution, punitive damages, prejudgment and post-judgment interest, and costs; and

G. Grant such other and further relief as the Court deems just and proper.

Dated: July 10, 2026

Respectfully submitted,

L LC

By: _____
One of Its Attorneys

15

Adam Goodman (6229333)
Diane Knox (NY 2826121)
Goodman Tovrov Hardy & Johnson LLC
105 West Madison Street, Suite 2300
Chicago, Illinois 60602
(312) 238-9592 | Fax (312) 264-2535
agoodman@goodtov.com
Attorneys for Defendant/Counter-Plaintiff L LC

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on July 10, 2026, I electronically filed the foregoing

Answer, Affirmative Defenses, and Counterclaims with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to all counsel of record, including:

John W. Moynihan
Cooney Corso and Moynihan LLC
1311 Butterfield, Suite 308
Downers Grove, IL 60515
jmoynihan@ccvmlaw.com

Adam Goodman

17